## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

ANNA VASQUEZ,                                            CASE NO.:

      Plaintiff,

v.

CAPITAL ONE FINANCIAL
CORPORATION,

      Defendant.
_____/

## COMPLAINT

Plaintiff, ANNA VAZQUEZ ("Plaintiff"), by and through her undersigned attorneys, hereby files this Complaint against Defendant, CAPITAL ONE FINANCIAL CORPORATION ("Defendant"), and states as follows:

1. Plaintiff brings this action on behalf of herself individually seeking damages and any other available legal or equitable remedies resulting from the improper actions of Defendant, in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §27 et seq. and the Florida Consumer Collection Practices Act, (hereinafter "FCCPA"), Fla. Stat. §559.55 *et seq.*

## JURISDICTION AND VENUE

2. Defendant conducts business in the state of Florida, and therefore, personal jurisdiction is established. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

3. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227(b)(3) (*see Mims v. Arrow Financial Services, LLC*, 132 S.Ct. 740 (2012), holding that federal and state courts have concurrent jurisdiction over private suits arising under the TCPA).

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C §1391(b) as a substantial part of the events or omissions giving rise to the claims herein occurred within this District.

## PARTIES

5. Plaintiff is a natural person residing in the county of Hernando, in the city of Spring Hill, Florida, and is otherwise *sui juris*.

6. Defendant is a corporation doing business in the state of Florida and is a Virginia corporation with its principal place of business located in McLean, Virginia.

7. At all times relevant to this Complaint, Defendant has acted through its agents, employees, officers, members, directors, heir, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

## FACTUAL ALLEGATIONS

8. Defendant is a "person" as defined by 47 U.S.C. §153 (10).

9. Defendant placed collection calls to Plaintiff seeking and attempting to collect on alleged debts owed by Plaintiff.

10. Defendant placed collection telephone calls to Plaintiff's cellular telephone at phone number (917) 733-43XX.

11. Defendant places collection telephone calls to Plaintiff from phone numbers including, but not limited to, (866) 953-7906.

12. Per its prior business practices, Defendant's telephone calls were placed with an automated telephone dialing system ("auto-dialer").

13. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place telephone calls to Plaintiff seeking to collect a consumer debt allegedly owed by Plaintiff, ANNA VAZQUEZ.

14. Defendant's calls were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

15. Defendant's calls were made to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

16. Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. §227(b)(1)(A).

17. On October 27, 2016, at or around 11:49 a.m. Pacific Standard Time, Plaintiff placed a call to Defendant at phone number (800) 955-6600. Plaintiff spoke with Defendant's female representative "Ashely" and requested that Defendant cease calling Plaintiff's cellular telephone.

18. During the conversation, Plaintiff gave Defendant both her phone number and social security number to assist Defendant in accessing her account before asking Defendant to stop calling her cellular telephone.

19. Plaintiff revoked any consent, explicit, implied, or otherwise, to call her cellular telephone and/or to receive Defendant's calls using an automatic telephone dialing system in her conversation with Defendant's representative on October 27, 2016.

20. Despite Plaintiff's request to cease, Defendant continued to place collection calls to Plaintiff through December 19, 2016.

21.     Despite Plaintiff's request that Defendant cease placing automated collection calls, Defendant placed at least forty-two (42) automated calls to Plaintiff's cellular telephone.

## COUNT I - NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT U.S.C. § 227

22.     Plaintiff repeats, realleges and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-21.

23.     The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to, each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

24.     As a result of Defendant's negligent violations of 47 U.S.C. §227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

25.     Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ANNA VAZQUEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE FINANCIAL CORPORATION, and in favor of Plaintiff, as follows:

a. Providing Plaintiff statutory damages of $500.00 multiplied by the number of TCPA violations alleged herein, forty-two (42), for a total of $21,000.00; and

b. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## COUNT II - KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 et. seq.

26. Plaintiff repeats, realleges and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-21.

27. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. §227 et seq.

28. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

29. Plaintiff is also entitled to seek injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff, ANNA VAZQUEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE FINANCIAL CORPORATION, and in favor of Plaintiff, as follows:

a. Providing Plaintiff statutory damages of $1,500.00 multiplied by the number of TCPA violations alleged herein, forty-two (42), for a total of $63,000.00; and

b. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

c. Granting Plaintiff such other and further relief as may be just and proper.

## COUNT III - KNOWING AND/OR WILLFUL VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT Fl. Stat. § 559.55 et. seq.

30. Plaintiff repeats, realleges and incorporates by reference into this cause of action the allegations set forth above in Paragraphs 1-21.

31. At all times relevant to this action Defendant is subject to and must abide by the laws of the state of Florida, including Florida Statute §559.72.

32. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her or his family with such frequency as can reasonably be expected to harass the alleged debtor or her or his family.

33. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

34. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

WHEREFORE, Plaintiff, ANNA VAZQUEZ, respectfully requests judgment be entered against Defendant, CAPITAL ONE FINANCIAL CORPORATION, and in favor of Plaintiff, as follows:

a. Providing Plaintiff statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, *Fla. Stat.* §559.77(2);

b. Providing Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

d. Providing Plaintiff actual damages and compensatory damages according to proof at time of trial; and

e. Granting Plaintiff such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated: April 17, 2017

                      **Respectfully submitted by:**

        BY:   /s/ Jason S. Weiss
                Jason S. Weiss
                Jason@jswlawyer.com
                Florida Bar No. 356890
                **WEISS LAW GROUP, P.A.**
                5531 N. University Drive, Suite 103
                Coral Springs, FL 33067
                Tel: (954) 573-2800
                Fax: (954) 573-2798
                *Attorneys for Plaintiff*